# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-04099-SVW (SK) | Date | May 23, 2018 |
|---|---|---|---|
| Title | Kenyon Pitts v. Daniel Paramo, Warden | | |

Present: The Honorable **Steve Kim, U.S. Magistrate Judge**

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

Petitioner, a California state prisoner, filed a federal habeas petition challenging his life-without-parole sentence for his 1996 convictions for robbery, kidnapping, and murder. (Pet., ECF No. 1). Petitioner appears to allege that the 2015 California Supreme Court decision in *People v. Banks*, 351 P.3d 330 (2015), renders his sentence illegitimate and should allow the Petition to survive AEDPA's statute of limitations. (Pet. at 13, 20, 24). But a California Supreme Court decision on a matter of state law does not defer the accrual date under 28 U.S.C. § 2244(d)(1)(C), which only applies to constitutional rights newly recognized by the United States Supreme Court. It also cannot form the "factual predicate" for a federal habeas claim under § 2241(d)(1)(D). *See Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005). Finally, a state court decision on a state law issue cannot equitably toll the one-year statute of limitations. *Id.* Thus, even if *Banks* establishes a new right affecting Petitioner, it does not constitute intervening federal constitutional law that would allow Petitioner to file a federal habeas petition more than 20 years after his conviction. *See Guerrero v. Rackley*, 2018 WL 1305635, at *3 (C.D. Cal. Feb. 12, 2018) (*Banks* does not justify a later accrual date or equitable tolling for habeas purposes).

Accordingly, Petitioner is ordered to show cause **on or before June 25, 2018**, why the Petition should not be dismissed as untimely. **If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend that the Petition be dismissed for failure to prosecute and untimeliness.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing the attached "Notice of Voluntary Dismissal."